Timothy F. Coons, #031208
Timothy@DentonPeterson.com
Elena J. Cottam #032077
Elena@DentonPeterson.com

**DP | DENTON PETERSON, PC**
ATTORNEYS & COUNSELORS AT LAW

1930 N. ARBOLEDA ROAD, SUITE 200
MESA, ARIZONA 85213
TELEPHONE: (480) 325-9900
FACSIMILE: (480) 325-9901
*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| **Justin Thorpe**, Individually, and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>**VirTra Systems, Inc.**, an Arizona corporation,<br><br>Defendant. | No. 2:16-cv-03612-PHX-ROS<br><br>**JOINT MOTION REQUESTING APPROVAL OF SETTLEMENT**<br><br>Assigned to the Honorable Roslyn O. Silver |

The parties, through their undersigned counsel, respectfully seek an order of this Court approving settlement of Plaintiff's (Justin Thorpe) and Opt-in's (Chris Young) FLSA claims and dismissing Plaintiff's and Opt-in's claims with prejudice as outlined in the following Memorandum of Points and Authorities

//////

1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. BACKGROUND AND CLAIMS

Plaintiff brought this action against his former employer for alleged nonpayment of overtime under the Fair Labor Standards Act (FLSA). Opt-in joined the litigation for alleged nonpayment of overtime under the FLSA. To avoid the ongoing costs and risks of litigation, the parties have negotiated the terms of a settlement outlined in the Settlement Agreement, a copy of which is submitted with this Motion as an exhibit.

## II. THE PARTIES' AGREEMENT IS FAIR AND EQUITABLE.

When parties seek approval of an FLSA settlement, a district court may approve the settlement if it reflects a reasonable compromise over the issues to promote the policy of encouraging settlement of litigation. *Juvera v. Salcido*, 2013 U.S. Dist. LEXIS 176716 *23 (D. Ariz. 2013). While there are no agreed-upon factors to consider in evaluating a proposed FLSA settlement, the following may be relevant in the instant case.

### a. The Strength of Plaintiffs' Case and the Employers' Defense

In this case, Plaintiff and Opt-in allege that they were misclassified as overtime exempt employees and thus were owed overtime and that Defendant failed to accurately track the hours they worked, and thus they are owed additional amounts for overtime. Defendant believes that Plaintiff and Opt-in were properly classified as exempt, and that if they were misclassified, they worked fewer hours than they now claim and their overtime should be calculated using the Fluctuating Work Week method.

### b. Risk, Expense, Complexity and Likely Duration of Further Litigation

The parties have participated in the initial phases of discovery and participated in a Settlement Conference before the Honorable Michelle Burns on November 21, 2017. Had the parties not come to settlement that day, then both parties were prepared to undergo substantial discovery including the depositions of key witnesses and requesting and reviewing emails,

2

expense reports, and other documents indicating any and all hours Plaintiff and Opt-in may have worked. If this settlement is not approved, then the parties must proceed with the depositions and other discovery.

As a legal matter, the complexity of this litigation lies partially in the application of the Fluctuating Work Week method for calculating overtime damages. Should this matter not settle, it is anticipated that both parties will file a Motion for Summary Judgment as to the application of the Fluctuating Work Week Method of calculating overtime damages and that the parties will engage in discovery on that issue. Following that time, a trial would be necessary if the case has not yet been resolved. The length of the trial would likely be between three to four days.

**c. Amount Offered in Settlement.**

The attached Settlement Agreement reveals that without admitting liability the Defendants will pay $92,500.00 to Plaintiff and Opt-in which will include: (1) paying to Plaintiff $35,000.00 minus applicable employment taxes, (2) paying Opt-in $30,000.00, minus applicable employment taxes and (3) paying Plaintiff's and Opt-in's attorney $27,500.00.

**d. Potential Legal and Appeal Issues.**

Even after trial, it is possible that one or the other side would appeal the Fluctuating Work Week issue, which has not yet been decided by the Ninth Circuit Court of Appeals.

**e. Experience and Views of Counsel.**

Plaintiff, Opt-in, and Defendant were represented throughout this litigation by counsel who are experienced in the litigation of FLSA claims. Plaintiff's and Opt-in's counsel believes this is a fair and equitable recovery for his clients. The Defendant's counsel believes that the amount is a fair compromise of contested claims and an appropriate amount to avoid the cost and risk of going to trial.

**f.  Relative Amount of Plaintiffs' Attorneys' Fees.**

The amount provided for Plaintiff's and Opt-in's attorneys' fees in this matter is less than one-third percent of the recovery, or $27,500.00 and represents a reduction of over $10,000.00 should this matter have been billed on an hourly fee basis.

**III.    CONCLUSION AND RELIEF REQUESTED**

The parties to the Settlement Agreement believe it represents a fair and reasonable compromise of the disputed issues in this case with all considerations being taken into account. The parties therefore respectfully request that the Court review the parties' proposed Settlement Agreement, rule that the terms of the agreement represent a fair and equitable resolution of this action and dismiss the claims of Plaintiff and Opt-in with prejudice.

RESPECTFULLY SUBMITTED this 7th day of December, 2017.

**DENTON PETERSON, P.C.**

/s/  Timothy F. Coons
Timothy F. Coons
Elena J. Cottam
1930 N. Arboleda Road, Suite 200
Mesa, AZ  85213
*Attorneys for Plaintiffs*

**OSBORN MALEDON, P.A.**

/s/  Scott Rodgers (with permission)
Scott Rodgers
Josh Bendor
Osborn Maledon, P.A.
2929 North Central Avenue
Twenty-First Floor
Phoenix, AZ 85012-2793
*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 7th day of December, 2017, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system which will send notification of said filing to the following CM/ECF registrants.

Scott Rodgers
Josh Bendor
Osborn Maledon, P.A.
2929 North Central Avenue
Twenty-First Floor
Phoenix, AZ 85012-2793
*Attorneys for Defendants*

/s/ Lindsey Rice