## SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

This Settlement Agreement and Release of Claims ("Agreement") is made and entered into this __30th__ day of November, 2017 (the "Execution Date") by and between VirTra Systems, Inc. ("VirTra"), Justin Thorpe ("Thorpe"), and Christopher Young ("Young"). VirTra, Thorpe, and Young may collectively be referred to as the "Parties."

## RECITALS

A.   VirTra formerly employed Thorpe. Following his departure from VirTra, Thorpe initiated a collective action lawsuit in the District of Arizona (Case No. 16-CV-03612-ROS) (the "Lawsuit"), asserting that VirTra failed to pay his allegedly owed overtime wages in violation of the Fair Labor Standards Act ("FLSA"). Young joined the lawsuit as an opt-in Plaintiff. At the time, Young was employed by VirTra.

B.   VirTra denies that it failed to pay Thorpe and Young overtime and asserts that they are not entitled to any overtime.

C.   The Parties have concluded that the settlement of the Lawsuit and all other alleged claims Thorpe and Young may have against the Released Parties (defined below) is in their mutual best interests and the Parties desire to express their mutual agreements, covenants, promises, and understandings with respect to the settlement of these matters in this Agreement.

In consideration of the promises and covenants contained herein, the Parties agree as follows:

## AGREEMENT

1.   Effective Date. This Agreement will become effective on the date that the Court in the Lawsuit approves the settlement contemplated in this Agreement (the "Effective Date"). This Agreement is expressly conditioned on obtaining Court approval, and if the Court does not approve the Agreement in a manner acceptable to all the Parties, the Agreement will be null and void and of no effect.

2.   Payments. VirTra will make the following payments within five (5) business days after the Effective Date, all of which will be sent to Thorpe's and Young's attorneys in the Lawsuit:

   a.   Payment to Thorpe. VirTra will pay Thorpe $35,000.00, less all applicable withholdings and taxes (federal taxes, state taxes, FICA, etc.). Thorpe will provide VirTra's attorneys with a completed W-4 for withholding purposes. VirTra will issue a 2017 Form W-2 to Thorpe to report the payment for tax purposes.

   b.   Payment to Young. VirTra will pay Young $30,000.00 as severance pay, less all applicable withholdings and taxes (federal taxes, state taxes, FICA, etc.). VirTra will include the payment on Young's 2017 Form W-2.

    c. <u>Payment to Attorneys</u>.  VirTra will pay Thorpe's and Young's attorneys in the Lawsuit, Denton Peterson, P.C., $27,500.00, with no withholdings.  VirTra will include the payment on a 2017 Form 1099 to Denton Peterson, P.C.

   3. <u>Young's Resignation</u>.  Young resigns his employment with VirTra, effective November 21, 2017.  Young agrees that he will not reapply for employment with VirTra and Young acknowledges and agrees that VirTra will not rehire Young.  Young will promptly return all VirTra equipment and will, at VirTra's request, provide VirTra with any information necessary to complete his outstanding expense reports.  Young may direct prospective employers to VirTra's Human Resources Director, Becky Valdez, and Ms. Valdez will inform prospective employers only of Young's dates of employment and positions held with VirTra.

   4. <u>Adequate Consideration</u>.  The Parties acknowledge and agree that the payments set forth in Section 2 constitute adequate consideration for the releases set forth in Section 5 and all other promises, covenants, and agreements made by the Parties in this Agreement.  More specifically, the Parties acknowledge and agree that they carefully analyzed Thorpe's and Young's claims for overtime compensation under the FLSA.  Among other issues, the Parties analyzed whether Thorpe and Young were exempt from overtime under the FLSA and its regulations; the amount of time Thorpe and Young worked while employed with VirTra in light of available documents and records; and the proper method of calculating any overtime owed under applicable law.  After considering all of these issues, Thorpe and Young each specifically agrees and acknowledges that the amount VirTra is paying each of them in this Agreement represents a reasonable compromise of the contested issues in the Lawsuit.

   5. <u>Release</u>.  As used in this Agreement, the term "<u>Released Parties</u>" means VirTra and its affiliates, subsidiaries, parent companies, divisions, current and former managers, directors, officers, principals, shareholders, members, trustees, employees, agents, attorneys, predecessors, successors, assigns, other representatives.  The term "<u>Claims</u>" means all claims and rights that Thorpe and Young, or either of them, has, had, or may have against the Released Parties, including but not limited to any and all claims, damages, demands, liabilities, obligations, causes, and causes of action of whatever kind or nature based on any cause, circumstance, fact, matter, thing, event, act, or failure to act whatsoever, whether arising at law or in equity, whether based on tort, contract, statutory, or common law principles, and whether known, unknown, foreseen, or unforeseen, but does not mean any of Thorpe's and Young's rights in this Agreement.

   In exchange for the consideration provided for in Section 2 of this Agreement, Thorpe and Young, and each of them, covenant not to sue for, and waive and release, to the maximum extent permitted by law, all Claims against the Released Parties, including, without limitation, all Claims:  (a) arising out of statements, actions, or omissions of the Released Parties; (b) for the payment of money, property, salary, wages, severance, bonuses, overtime, other compensation or amounts, compensatory damages, liquidated damages, punitive damages, costs, expenses, expense reimbursements, disbursements, attorneys' fees, and benefits; (c) for wrongful or constructive discharge, breach of express or implied contract, or reinstatement of employment; and (d) based on any applicable federal, state, or local statutes, regulations, and ordinances, including, without limitation, those that arise out of or that relate to, if applicable, the FLSA, Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act, the Equal Pay

Act, the Employee Retirement Income Security Act, the Family and Medical Leave Act, the Age Discrimination in Employment Act (ADEA), the Older Workers' Benefit Protection Act, the Worker Adjustment and Retraining Notification Act, the Labor Management Relations Act, the Employee Polygraph Protection Act, the Arizona Employment Protection Act, the Arizona Wage Act, and the Arizona Civil Rights Act, all as amended.

6. <u>Dismissal of Complaint with Prejudice and Court Approval of Settlement</u>. Upon executing this Agreement, the Parties will file with the Court in the Lawsuit the Joint Motion to Approve Settlement Agreement and Dismiss Lawsuit (the "<u>Joint Motion</u>") and the related Proposed Order that are attached hereto as **Exhibit A**, and will use their best efforts to obtain Court approval of the settlement.

7. <u>No Other Pending Claims</u>. As a condition precedent to receiving the consideration set forth in Section 2, Thorpe and Young represent and warrant that there are no other claims, charges, lawsuits, or any similar matters of any kind filed by either of them against VirTra or any of the Released Parties, in any forum whatsoever, including, without limitation, in any state court, in any federal court, or before any federal or state administrative agency, board, or governing body.

8. <u>Confidentiality</u>. Thorpe and Young agree that they will not disclose or publish this Agreement or the terms of this Agreement in any manner to any person or entity, other than their spouses, tax advisors, attorneys, and in connection with the Joint Motion.

9. <u>Preclusive Effect of Agreement</u>. The Parties understand and agree that this Agreement may be pled as a complete bar to any action or suit before any court or administrative body with respect to any lawsuit, complaint, or claim under federal, state, local, or other law relating to any of the Claims set forth in Section 5 that existed or may have existed against the Released Parties or any of them, arising out of any event occurring from the beginning of time through the Effective Date of this Agreement.

10. <u>Non-Admission of Wrongdoing</u>. This Agreement does not constitute an admission that VirTra violated any local, state, or federal ordinance, regulation, ruling, statute, rule of decision, or principle of common law, or that any person or entity engaged in any improper or unlawful conduct or wrongdoing.

11. <u>Other Provisions</u>.

   a. <u>Amendment</u>. This Agreement will be binding upon the Parties and may not be amended, supplemented, changed, or modified in any manner, orally or otherwise, except by an instrument in writing of concurrent or subsequent date signed by all of the Parties to this Agreement.

   b. <u>Entire Agreement</u>. This Agreement contains and constitutes the entire understanding and agreement among the Parties with respect to the subject matter hereof, and all prior negotiations, agreements, discussions, promises, and understandings are merged in this Agreement. This Agreement hereby supersedes any prior agreements, representations, promises, and understandings.

c. <u>Choice of Law</u>. This Agreement will be governed by the laws of the State of Arizona, without regard to the conflicts of laws principles thereof.

d. <u>Counterparts/Facsimile Signatures</u>. This Agreement may be signed in original or by facsimile in counterparts. Each counterpart will be deemed an original and, taken together, the counterparts will constitute one and the same Agreement, which will be binding and effective. Facsimile and/or scanned signatures in .pdf format will be sufficient and fully binding.

e. <u>Severability</u>. Should any provision in this Agreement be declared or determined by a court to be illegal or invalid, the validity of the remaining parts, terms, or provisions will not be affected, and the illegal or invalid part, term, or provision will be deemed not to be a part of this Agreement.

f. <u>Waiver</u>. The failure of a Party to insist upon strict adherence to any obligation of this Agreement will not be considered a waiver or deprive that Party of the right thereafter to insist upon strict adherence to that term or any other term of this Agreement. Any waiver of any provision of this Agreement must be in a written instrument signed and delivered by the Party waiving the provision.

Each party represents that it has read and understands the terms of this Agreement, and that it has not relied upon any representation made by another party, except as expressly set forth herein.

VirTra Systems, Inc.

_____     Date:_____
Matt Burlend
Chief Operating Officer


_____     Date:_____
Justin Thorpe

_____     Date:  11-30-2017
Christopher Young

c. <u>Choice of Law</u>. This Agreement will be governed by the laws of the State of Arizona, without regard to the conflicts of laws principles thereof.

d. <u>Counterparts/Facsimile Signatures</u>. This Agreement may be signed in original or by facsimile in counterparts. Each counterpart will be deemed an original and, taken together, the counterparts will constitute one and the same Agreement, which will be binding and effective. Facsimile and/or scanned signatures in .pdf format will be sufficient and fully binding.

e. <u>Severability</u>. Should any provision in this Agreement be declared or determined by a court to be illegal or invalid, the validity of the remaining parts, terms, or provisions will not be affected, and the illegal or invalid part, term, or provision will be deemed not to be a part of this Agreement.

f. <u>Waiver</u>. The failure of a Party to insist upon strict adherence to any obligation of this Agreement will not be considered a waiver or deprive that Party of the right thereafter to insist upon strict adherence to that term or any other term of this Agreement. Any waiver of any provision of this Agreement must be in a written instrument signed and delivered by the Party waiving the provision.

Each party represents that it has read and understands the terms of this Agreement, and that it has not relied upon any representation made by another party, except as expressly set forth herein.

VirTra Systems, Inc.

_____  Date:_____
Matt Burlend
Chief Operating Officer

*[signature]*  Date: **11/30/17**
Justin Thorpe

_____  Date:_____
Christopher Young

c.  Choice of Law. This Agreement will be governed by the laws of the State of Arizona, without regard to the conflicts of laws principles thereof.

d.  Counterparts/Facsimile Signatures. This Agreement may be signed in original or by facsimile in counterparts. Each counterpart will be deemed an original and, taken together, the counterparts will constitute one and the same Agreement, which will be binding and effective. Facsimile and/or scanned signatures in .pdf format will be sufficient and fully binding.

e.  Severability. Should any provision in this Agreement be declared or determined by a court to be illegal or invalid, the validity of the remaining parts, terms, or provisions will not be affected, and the illegal or invalid part, term, or provision will be deemed not to be a part of this Agreement.

f.  Waiver. The failure of a Party to insist upon strict adherence to any obligation of this Agreement will not be considered a waiver or deprive that Party of the right thereafter to insist upon strict adherence to that term or any other term of this Agreement. Any waiver of any provision of this Agreement must be in a written instrument signed and delivered by the Party waiving the provision.

Each party represents that it has read and understands the terms of this Agreement, and that it has not relied upon any representation made by another party, except as expressly set forth herein.

VirTra Systems, Inc.

_____         Date: 12/6/17
Matt Burlend
Chief Operating Officer


_____         Date: _____
Justin Thorpe


_____         Date: _____
Christopher Young